IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON BORELLI and | : | CIVIL ACTION |
| DIVA BORELLI, | : | |
| Plaintiffs, | : | NO. 00-5721 |
| | : | |
| v. | : | |
| | : | |
| WILLIAM EVERLAND, | : | |
| Defendant and Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PARKER-McCRORY MFG. CO., t/a | : | |
| and d/b/a PARMAK, | : | |
| and | : | |
| CENTRAL TRACTOR FARM and | : | |
| FAMILY CENTER, INC., | : | |
| Third-Party Defendants. | : | |

## **MEMORANDUM**

BUCKWALTER, S.J.                                                                                                    February 21, 2006

Presently before the Court are Parker-McCrory Manufacturing Company's Motion for Summary Judgment (Docket No. 63), Defendant William Everland's Response (Docket No. 66), and Plaintiffs' Answer in Opposition to the Motion for Summary Judgment of Defendant Parker-McCrory Manufacturing Company (Docket No. 67). For the reasons discussed below, Defendant Parker-McCrory Manufacturing Company's Motion is granted in part and denied in part.

I.  FACTS

On July 15, 1999, Plaintiff Shannon Borelli was driving a 1996 Geo Tracker in which Plaintiff Diva Borelli was a passenger.  As Plaintiff Shannon Borelli was driving in the eastbound lane of Route 49, in Millville, New Jersey, two horses collided with Plaintiffs' vehicle.  Defendant Everland owned the two horses that collided with Plaintiffs' car.  Defendant Everland kept the horses in an enclosed area on his property, which borders Route 49.  To contain the horses, Defendant Everland used an electric fence powered by a model DF-SP-LI solar powered fence charger, which he purchased at Third Party Defendant Central Tractor Farm and Family Center, Inc. ("Central Tractor") and which was manufactured by Third Party Defendant Parker-McCrory Manufacturing Company ("Parmark").  Defendant Everland claims that he purchased the fence charger from Central Tractor in early spring 1998.

Defendant Everland claims that when constructing the fence, he relied on the instruction manual which came with the fence charger manufactured by Parmark.  According to Defendant Everland, the manual that came with the fence charger that he purchased did not contain a warning that electric fencing should only be used within the perimeter of a permanent fence.

Plaintiffs Shannon and Diva Borelli brought a negligence action against Defendant Everland.  Defendant Everland then filed a third-party complaint against Third-Party Defendants Parmark and Central Tractor alleging: (1) strict liability in tort, pursuant to section 402A of the Restatement (Second) of Torts; (2) negligence; (3) strict liability in tort, pursuant to section 402B of the Restatement (Second) of Torts; (4) breach of implied warranty; and (5) breach of express warranty.  (Docket No. 12.)  Plaintiffs then filed an amended complaint against

Parmark and Central Tractor alleging: (1) strict liability in tort, pursuant to section 402A of the Restatement (Second) of Torts and (2) negligence. (Docket No. 25.)

Currently before the Court is Defendant Parmark's Motion for summary judgment "on the claims brought against it."[1] (Def. Parmark's Mot. Summ. J. at 1.)

## II. SUMMARY JUDGMENT

A motion for summary judgment will be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Since a grant of summary judgment will deny a party its chance in court, all inferences must be drawn in the light most favorable to the party opposing the motion. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The ultimate question in determining whether a motion for summary judgment should be granted is "whether reasonable minds may differ as to the verdict." Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 129 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

---

1. Central Tractor has not moved for summary judgment, and therefore Defendant Everland's and Plaintiffs' claims against Central Tractor are not discussed in this memorandum.

3

### III.  ANALYSIS

    A.    **Choice of Law**

A threshold issue for the Court is whether Pennsylvania law or New Jersey law applies to the present case. Parmark contends that Pennsylvania law should apply, while Defendant Everland argues that New Jersey law should apply.

A federal court sitting in diversity must apply the forum state's choice of law rules. LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996) (citing Klaxson v. Stentor Elect. Mfg. Co., 313 U.S. 487, 496 (1941)). Pennsylvania applies a two-part analysis to resolve choice of law questions. First, the court must determine whether the conflict is a true conflict or a false conflict. LeJeune, 85 F.3d at 1071. Second, if there is a true conflict, the court must decide which state has the greater interest in the application of its law. Id. (citing Cipolla v. Shaposka, 439 Pa. 563, 565, 267 A.2d 854 (1970)).

A false conflict exists "where the application of either state's law renders the same result." Williams v. Terex-Telelect, Inc., No. 01-CV-3770, 2003 U.S. Dist. LEXIS 9733, at *3 (E.D. Pa. May 19, 2003) (citing Lacey v. Cessna Aircraft Co., 932 F.2d 170, 187 (3d Cir. 1991)). By contrast, a true conflict "exists when applying the law of the one state frustrates the intent of the other state's law." Williams, 2003 U.S. Dist. LEXIS, at *3. If there is a true conflict between the laws of two or more states, then the court must determine which state has the greater interest in the application of its law. Id. at *3-4. In a torts case, courts may consider: "the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship . . . between the parties is centered." Kenney v. Deere &

Co., No. 98-602, 2000 U.S. Dist. LEXIS 2530, at *6 n.2 (E.D. Pa. Mar. 8, 2000) (citing Petrokehagias v. Sky Climber, Inc., Nos. 96-6965, 97-3889, 1998 U.S. Dist. LEXIS 6746, at *4 (E.D. Pa. May 4, 1998)).

Under Pennsylvania choice of law analysis, a false conflict exists "where the accident is fortuitous and the state where the accident occurred has no interest in the regulatory standard at issue." Williams, 2003 U.S. Dist. LEXIS 9733, at *4 (quoting LeJeune, 85 F.3d at 1071 (citations omitted)). Courts have found that the site of an accident is fortuitous when the state has no interest in or relationship to the parties or the accident except that the accident occurred within its borders. Petrokehagias, 1998 U.S. Dist. LEXIS 6746, at *7. By contrast, the site of an accident is not fortuitous if a party intentionally and voluntarily enters a state. Id.

Courts in the Eastern District of Pennsylvania have found that there is a true conflict between the products liability laws of Pennsylvania and New Jersey. Williams, 2003 U.S. Dist. LEXIS 9733, at *5-7; Kenney, 2000 U.S. Dist. LEXIS, at *6; Petrokehagias, 1998 U.S. Dist. LEXIS 6746, at *13. Because a true conflict exists, the Court must determine which state has a greater interest in the application of its law. In this case, the injury occurred in New Jersey in close proximity to Defendant Everland's residence, and Defendant Everland purchased the fence charger from a retail store located in New Jersey. Like the facts of Williams, "[o]ther than the plaintiff[s'] residing in Pennsylvania, there is no nexus to Pennsylvania." 2003 WL 22431920, at *2. Therefore, the Court finds that New Jersey law applies to the present action.

### B.  Application of New Jersey Law to Plaintiffs' and Defendant Everland's Claims Against Parmark

New Jersey's products liability law has been codified by the New Jersey Products Liability Act ("NJPLA"), N.J. STAT. ANN. 2A: 58C-1 (West 2006).  Unlike the law of Pennsylvania, under the NJPLA, negligence and breach of warranty are not permitted as separate claims for injuries caused by defective products.[2]  Kenney, 2000 U.S. Dist. LEXIS 2530, at *8.  See also Petrokehagias, 1998 U.S. Dist. LEXIS 6746, at *13 (citing Oquendo v. Bettcher Indust., Inc., 939 F. Supp. 357 (D.N.J. 1996), aff'd 188 F.3d 1577 (3d Cir. 1997)).  Therefore, because New Jersey law applies to this case, Defendant Everland's claims for negligence, breach of implied warranty, and breach of express warranty are dismissed, as is Plaintiffs' negligence claim.[3]

New Jersey law recognizes three theories of product liability: design defect, manufacturing defect, and failure to warn.  § 2A: 58C-2.  Defendant Everland's third-party complaint and Plaintiffs' amended complaint allege manufacturing and design defects as well as failure to warn.  With regard to the manufacturing defect claims, Parmark argues only that "neither Plaintiffs nor Everland have produced any evidence, expert or otherwise, supporting the proposition that a manufacturing defect existed in the electric fence" and that one witness claims

---

2.  Another significant difference between Pennsylvania and New Jersey law is that under the NJPLA, a seller can be relieved of strict liability by filing an affidavit certifying the correct identity of the manufacturer of the alleged defective product.  § 2A: 58C-9.  In the present case, Central Tractor has not submitted such an affidavit.

3.  Parmark's Motion does not address Defendant Everland's claim for strict liability pursuant to section 402B of the Restatement (Second) of Torts.  It is unclear whether a plaintiff can bring a section 402B claim in light of the NJPLA.  See Graves v. Church & Dwight Co., Inc., 267 N.J. Super. 445, 470 (1993) (assuming that the NJPLA does not preclude a section 402B claim even though the trial court below held that the NJPLA subsumed section 402B claims because the cause of action is based on negligence principles).  Because Parmark has made no arguments as to whether Defendant Everland can bring a section 402B claim under New Jersey law, the Court finds that summary judgment is inappropriate on this claim.

that the fence was functioning properly two days prior to the accident. (Def. Parmark's Mot. Summ. J. at 12.) With regard to the design defect claims, Parmark argues only that "[n]o party to this litigation has produced any evidence supporting the proposition that the electric fence had a defective design, nor have they suggested that an alternative design would have avoided Plaintiffs' injuries." Id. The party moving for summary judgment bears the initial burden of making a prima facie showing that he is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 232 (1986). In light of Parmark's brief treatment of Plaintiffs' and Defendant Everland's allegations of manufacturing and design defects, the Court finds that Parmark has failed to meet this burden with respect to these claims.

The Court further finds that a genuine issue of material fact exists as to whether Parmark provided an adequate warning.

### IV.  CONCLUSION

For the foregoing reasons, Third-Party Defendant Parmark's Motion for Summary Judgment is granted as to Defendant Everland's negligence, breach of implied warranty, and breach of express warranty claims, and as to Plaintiffs' negligence claim. Parmark's Motion for Summary Judgment is denied as to Defendant Everland's and Plaintiffs' strict liability claims.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON BORELLI and | : | CIVIL ACTION |
| DIVA BORELLI, | : | |
|     Plaintiffs, | : | NO. 00-5721 |
| | : | |
|     v. | : | |
| | : | |
| WILLIAM EVERLAND, | : | |
|     Defendant and Third-Party Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| PARKER-McCRORY MFG. CO., t/a | : | |
| and d/b/a PARMARK, | : | |
| and | : | |
| CENTRAL TRACTOR FARM and | : | |
| FAMILY CENTER, INC., | : | |
|     Third-Party Defendants. | : | |

**ORDER**

AND NOW, this 21st day of February, 2006, upon consideration of Parker-McCrory Manufacturing Company's ("Parmark") Motion for Summary Judgment (Docket No. 63), Defendant William Everland's Response (Docket No. 66), and Plaintiffs' Answer in Opposition to the Motion for Summary Judgment of Defendant Parker-McCrory Manufacturing Company (Docket No. 67), it is hereby **ORDERED** that Parmark's Motion for Summary Judgment is **GRANTED in part and DENIED in part.**

With respect to Defendant Everland's claims for negligence, breach of implied warranty, and breach of express warranty, Parmark's Motion is **GRANTED.**

With respect to Plaintiffs' claim for negligence, Parmark's Motion is **GRANTED.**

With respect to Defendant Everland's and Plaintiffs' claims for strict liability in tort pursuant to section 402A of the Restatement (Second) of Torts, Parmark's Motion is **DENIED.**

With respect to Defendant Everland's claim for strict liability pursuant to section 402B of the Restatement (Second) of Torts, Parmark's Motion is DENIED.

**TRIAL** is scheduled for <u>Monday, May 15, 2006 at 9:30 a.m. in Courtroom 14A</u>.

BY THE COURT:

 *s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.